UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Dr. Peter A. Eriksson,

      Plaintiff,

v.

Deer River Healthcare Center, Inc.
("DRHC"), Essentia Health, and St. Mary's
Duluth Clinic Health System, d/b/a
Essentia Health East, a subsidiary of
Essentia Health,

      Defendants.

**C O M P L A I N T**
**and Jury Demand**

---

## NATURE OF THE ACTION

This is an action for judgment against Defendants for damages and other relief stemming from violation of the Family and Medical Leave Act (FMLA). Plaintiff worked for Defendants beginning March 27, 2008 as a physician. On June 7, 2012, Plaintiff sought FMLA leave to help care for his wife who was undergoing treatment for breast cancer. Plaintiff's employment was terminated on July 27, 2012. Plaintiff was terminated for exercising his right to Family Medical Leave. This action seeks redress for the violation and for Plaintiff's damages under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*.

## PARTIES

1. Plaintiff, Dr. Peter A. Eriksson, resides in Bemidji, Beltrami County, Minnesota.

2. Defendant Deer River Healthcare Center, Inc. ("DRHC") is located in Deer River, Itasca County, Minnesota. Upon information and belief, DRHC is an affiliate of Essentia Health.

3. Defendant St. Mary's Duluth Clinic Health System, d/b/a Essentia Health East, a subsidiary of Essentia Health, has its corporate offices in Duluth, St. Louis County, Minnesota. Upon information and belief, St. Mary's Duluth Clinic Health System is the sole corporate member of DRHC.

4. The corporate offices of Essentia Health are located at 502 East Second Street, Duluth, St. Louis County, Minnesota.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331 as this matter involves a federal question based on 29 U.S.C. § 2601, *et seq*.

## STATEMENT OF CLAIMS

6. Plaintiff began working for Defendant DRHC, as a physician, on March 27, 2008.

7. Plaintiff worked in Defendants' Deer River Clinic and in its Deer River Hospital.

8. Plaintiff met or exceeded performance expectations.

9. On June 7, 2012, Plaintiff sought intermittent Family Medical Leave to help care for his wife who was undergoing treatment for breast cancer.

10. On July 27, 2012, Defendant abruptly gave Plaintiff notice that it was terminating his employment.

11. The reason offered by Defendants for Plaintiff's termination was pretextual.

12. Defendants did not give Plaintiff any prior notice that his job was in jeopardy.

13. Defendants terminated Plaintiff in retaliation for exercising his right to Family Medical Leave.

14. Defendants' actions were intentional and willful.

15. As a consequence of Defendants' conduct, Plaintiff has suffered past and future wage and benefit losses, and attorney's fees.

## COUNT ONE
## FMLA RETALIATION
## 29 U.S.C. § 2615(a)(2)

16. Plaintiff restates and realleges paragraphs 1 through 15.

17. Defendants' conduct violates the Family Medical Leave Act, 29 U.S.C. § 2615(a)(2).

18. Plaintiff has suffered damage as a result of said violation and is entitled to a full recovery under the law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that this court:

a. Order Defendants to make Plaintiff whole by providing compensation for his pecuniary losses, in amounts to be proven at trial.

b. Order Defendants to pay interest pursuant to 29 U.S.C.A. § 2617.

c. Order Defendants to pay liquidated damages pursuant to 29 U.S.C.A. § 2617.

d.  Order Defendants to pay Plaintiff's attorney's fees and costs incurred in this action.

e.  For such other and further relief that the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: March 21, 2013.          **KELLY A. JEANETTA LAW FIRM, LLC**

By:  /s/
Kelly A. Jeanetta (277204)
1245 International Centre
920 Second Avenue South
Minneapolis, Minnesota  55402
Phone:  612.886.2015
Fax:     612.886.2553
Email:   kjeanetta@jeanettalaw.com